UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARCY MAE MCCALL, <br><br> Petitioner, <br><br> v. <br><br> NANCY A. BERRYHILL,[1] <br> Acting Commissioner of Social Security Administration, <br><br> Respondent. | Case No. 1:16-cv-00356-CWD <br><br> **MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Currently pending before the Court is Darcy McCall's Petition for Review of the Respondent's denial of social security benefits, filed on August 8, 2016. (Dkt. 1.) The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will affirm the decision of the Commissioner.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the Respondent in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**MEMORANDUM DECISION AND ORDER - 1**

## PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for disability insurance benefits and Supplemental Security Income (SSI) disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f on September 5, 2013. This application was denied initially and on reconsideration, and a hearing was conducted on March 19, 2015, before Administrative Law Judge (ALJ) Ben Willner. After considering testimony from Petitioner and a vocational expert, ALJ Willner issued a decision on June 4, 2015, finding Petitioner not disabled. Petitioner timely requested review by the Appeals Council, which denied her request for review on June 2, 2016.

Petitioner appealed this final decision to the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the alleged disability onset date of December 30, 2012, Petitioner was thirty-eight years of age. Petitioner completed the ninth grade, and her prior work experience includes work as a housekeeper, a food service worker, and a convenience store clerk.

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantial gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since her alleged onset date of December 30, 2012. At step two, it must be determined whether the claimant

suffers from a severe impairment. The ALJ found Petitioner's post-traumatic stress disorder (PTSD) and major depressive disorder severe within the meaning of the Regulations.

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments, specifically considering Petitioner's mental impairments under Listings 12.04 (affective disorders) and 12.06 (anxiety-related disorders). The ALJ determined none of Petitioner's impairments met or equaled the criteria for the listed impairment considered.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's residual functional capacity (RFC) and determine, at step four, whether the claimant has demonstrated an inability to perform past relevant work. In assessing Petitioner's functional capacity, the ALJ determines whether Petitioner's complaints about the intensity, persistence and limiting effects of her symptoms are credible.

Here, the ALJ determined Petitioner's complaints were not entirely credible based upon Petitioner's daily activities and the medical evidence of record. Additionally, upon considering the medical opinion evidence, the ALJ gave partial weight to the assessments by non-examining state agency physicians Mack Stephenson, Ph.D., and Scott Shafer, Ph.D., and little weight to the mental capacity assessment of Petitioner's treating physician, Michael Millward, M.D. The ALJ found the medical record did not

**MEMORANDUM DECISION AND ORDER - 3**

demonstrate any physical impairments.

Accordingly, the ALJ found Petitioner retained the residual functional capacity to perform a full range of work at all exertional levels, but because of her mental impairments, Petitioner would be limited to work that involved simple tasks with simple instructions that could be learned within a short demonstration period. The ALJ further limited Petitioner to working primarily with tangible objects rather than people, but being able to tolerate minimal contact with coworkers and the public. Additionally, the ALJ found Petitioner could maintain concentration, pace, and persistence on a limited range of tasks for two hours before needing to take a break, after which she would be able to resume her work.

The ALJ found Petitioner had past relevant work as a housekeeper. Because Petitioner did not demonstrate an inability to perform past relevant work, the ALJ did not reach step five. Consequently, the ALJ determined Petitioner was not disabled.

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if her physical or mental impairments are of such severity that she not only cannot do her previous work but is

unable, considering her age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its]

judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

When reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard a claimant's self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

## DISCUSSION

Petitioner contends the ALJ erred at step four for two reasons. First, Petitioner claims the ALJ erroneously found Petitioner's work as a housekeeper constituted past relevant work. Second, Petitioner argues the ALJ erroneously rejected the opinions of Dr. Millward and state agency psychologists Stephenson and Shafer. Each reason will be discussed below.

1. **Past Relevant Work**

Petitioner argues the ALJ committed error in his step four finding that her past work as a housekeeper constituted past relevant work, because Petitioner did not earn enough money while working as a housekeeper such that the work qualified as substantial gainful activity. Respondent argues Petitioner incorrectly assumes that past

**MEMORANDUM DECISION AND ORDER - 6**

relevant work must equate to work that meets the presumptive earning level to qualify as substantial gainful activity. Respondent points also to the stipulation Petitioner's counsel made on the record that Petitioner's work as a housekeeper constituted past relevant work, arguing the stipulation constitutes evidence the ALJ was entitled to rely upon in his determination at step four, and that Petitioner did not challenge this finding before the ALJ or the Appeals Council.

At step four, the claimant bears the burden of showing that he or she does not have the residual functional capacity to engage in "past relevant work." 20 C.F.R. §§ 404.1520(e) & 416.920(e); *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001). A job qualifies as past relevant work only if it involved substantial gainful activity. *See* 20 C.F.R. §§ 404.1560, 404.1565, 416.960 & 416.965. If a claimant can perform his or her past relevant work, he or she is not disabled.

Substantial gainful activity is work done for pay or profit that involves significant mental or physical activities. 20 C.F.R. §§ 404.1571–404.1572 & 416.971–416.975. Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity. *Lewis*, 236 F.3d at 515. Monthly earnings averaging less than $300 generally show that a claimant has not engaged in substantial gainful activity. 20 C.F.R. §§ 404.1574(b)(3) & 416.974(b)(3). At the other end of the spectrum, monthly earnings averaging more than $700 generally show that a claimant *has* engaged in substantial gainful activity. 20 C.F.R. §§ 404.1574(b)(2) & 416.974(b)(2). (When a claimant's average monthly earnings fall between $300 and $700, the Commissioner will consider

other information listed in the regulations).[2]

The presumption that arises from low earnings shifts the step-four burden of proof from the claimant to the Commissioner. *Lewis*, 236 F.3d at 515–16. Without the presumption, the claimant must produce evidence that he or she has not engaged in substantial gainful activity; if there is no such evidence, the ALJ may find that the claimant has engaged in such work. *Id.* With the presumption, the claimant has carried her burden unless the ALJ points to substantial evidence, aside from earnings, that the claimant *has* engaged in substantial gainful activity. *Id.* The regulations list five factors: the nature of the claimant's work, how well the claimant does the work, if the work is done under special conditions, if the claimant is self-employed, and the amount of time the claimant spends at work. 20 C.F.R. §§ 404.1573 & 416.973. *See Katz v. Secretary of Health and Human Servs.,* 972 F.2d 290, 293 (9th Cir.1992) (citing regulations and listing these as factors that claimant could use to overcome high-earnings presumption).

During the hearing before the ALJ, Petitioner testified she "tried to do housekeeping at a motel and I worked there for one day and the work was too hard for me. But in the past…I worked at a nursing home for housekeeping." (AR 54.) When asked by the ALJ whether Petitioner's housekeeping work constituted past relevant work, Petitioner's counsel stipulated that Petitioner's work as a housekeeper qualified as such.

---

[2] After January 1, 2001, the presumptive monthly earning amount is tied to an index. In 2002, the presumptive monthly maximum was $780, while in 2003 it was $800. *See* https://www.ssa.gov/OACT/COLA/sga.html.

**MEMORANDUM DECISION AND ORDER - 8**

(AR 53-54.)[3] Petitioner's counsel later affirmed Petitioner worked at a nursing home for a "couple of years and that qualifies as past relevant work." (AR 55.)[4]

In his written determination, the ALJ stated, in part:

> The claimant has past relevant work as a Housekeeper, DOT[] code 323.687-010, which is classified as medium, unskilled work with an SVP[] rating of 2 (Hearing Transcript). I find the job of Housekeeper to be past relevant work because the claimant performed the work within the previous 15 years, for a sufficient length of time to learn and provide average performance, and at the level of substantial gainful activity (20 CFR 404. 1560, 416.960).
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of her past relevant work, I find that the claimant is able to return to her work as a Housekeeper as it is generally performed in the national economy….

---

[3] **ALJ:** All right, she's recognized as such. Counsel, it does appear that the Claimant had past relevant work in the past 15 years. It would appear from the information she provided and the earnings that the relevant work included working as a cashier, working in the kitchen, looked like she was doing primarily food preparation. She worked as a housekeeper and also as an aide at a-- well that one doesn't look like past relevant work. It's unclear from the information. Would you concur that those jobs qualify as past relevant work, and were there any other jobs that you felt rose to that level?
    **ATTY:** I do stipulate to those. And I didn't see any others that rose to SGA.
    **ALJ:** All right, so we'll go ahead and use those jobs as the past relevant work.

[4] **CLMT:** Yeah. And in the past I worked at a nursing home for housekeeping.
     **ALJ:** Okay. And then the nursing home you were there for at least a couple years it looks like, does that sound about right?
    **CLMT:** I'm not sure how long I was there.
    **ALJ:** All right, Counsel, I saw you nodding your head, so it does look like she was doing that for a couple years and that qualifies as past relevant work, right?
    **ATTY:** Yes. Yes, it would.

**MEMORANDUM DECISION AND ORDER - 9**

(AR 26, footnotes excluded.)

Petitioner argues her counsel's stipulation was "confusing and unclear," because Petitioner's counsel appeared to be confirming only that Petitioner worked as a housekeeper for a "couple years." (note 4, *supra*.) However, the ALJ asked Petitioner's counsel (note 3, *supra*) if Petitioner's work as a housekeeper qualified as past relevant work. Counsel stipulated that it did, and that he "didn't see any others that rose to [substantial gainful activity]." Additionally, the ALJ specifically referred to Petitioner's earnings history when he asked Petitioner's counsel whether her work as a housekeeper constituted past relevant work. And, counsel confirmed not only that the housekeeping job constituted past relevant work, but also that there were no other jobs, other than the ones discussed, that rose to the level of substantial gainful activity. Petitioner, who was represented by counsel, failed to preserve the issue on appeal. *Meanel v.* Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999); *see also Shaibi v. Berryhill*, No. 15-16849 (9th Cir. Feb. 28, 2018) ("[A]t least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal," and by failing to do so, the claim is "forfeited," quoting *Meanel*, 172 F.3d at 1115).

Petitioner provides no explanation for her failure to contest the issue of her past relevant work during administrative proceedings, and the issue is therefore waived. Consequently, based upon counsel's stipulation and the ALJ's review of Petitioner's earnings history, the Commissioner has pointed to substantial evidence that Petitioner's housekeeping work constituted substantial gainful activity.

**MEMORANDUM DECISION AND ORDER - 10**

Even if the Court were to accept Petitioner's assertion that her counsel's stipulation was confusing, and therefore not binding, Petitioner's argument is flawed. Petitioner asserts the ALJ erred by assuming Petitioner's employment generated earnings were sufficient to establish that she engaged in substantial gainful activity. Petitioner assumes the two jobs she held in 2002 and 2003 for Good Samaritan were Petitioner's housekeeping jobs. In 2002, her total yearly wage amount was $10,681.77, with an average monthly wage of $890.00. (AR 219.) However, during 2002, she held two jobs, and her wages for Good Samaritan totaled $3,206.46. There is no indication how long she worked for Good Samaritan. Similarly, in 2003, her total yearly wage amount was $7,177.86, with an average monthly wage of $598.00. She also worked for four different employers that year, and her wages that year for Good Samaritan totaled $2,139.19. Again, there is no indication how long she worked for Good Samaritan.

Petitioner's argument asks the Court to focus solely upon her housekeeping jobs, and take the total earnings, and divide by twelve, to obtain the "presumptive monthly wage" she earned as a housekeeper. Under Petitioner's theory, in 2002, her monthly earnings as a housekeeper averaged $267.21, and in 2003, her monthly earnings averaged $178.27. Consequently, Petitioner argues her work as a housekeeper did not rise to the level of substantial gainful activity in either 2002 or 2003 because her monthly earnings amounts fell below the presumptive SGA threshold.

Respondent counters that threshold earnings levels are presumptive, and work may constitute substantial work activity so long as it involves doing "significant physical or

**MEMORANDUM DECISION AND ORDER - 11**

mental activities," and is the "kind of work usually done for pay or profit." *Soria v. Callahan*, 16 F.Supp.2d 1145, 1149 (C.D. Cal. 1997) (quoting 10 C.F.R. § 416.972(a), (b)). The Court agrees. The concept of substantial gainful activity involves both the amount of compensation and the substantiality and gainfulness of the activity itself. *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (citing 20 C.F.R. § 404.1532(b); *Chicager v. Califano*, 574 F.2d 161, 163 (3d Cir. 1978)). The mere existence of earnings over the statutory minimum is not dispositive. *Id.* (citing *Chicager*, 574 F.2d at 163). However, there is a presumption of substantial gainful employment if the applicant earns over the amount specified in the guidelines. *Id.* (citing 20 C.F.R. §§ 404.1574(b)(2), 404.1575(b)(2); *Josefowicz v. Heckler*, 811 F.2d 1352, 1356 (10th Cir. 1987)). Petitioner may rebut a presumption based on earnings with evidence of her inability to be self-employed or to perform the job well, without special assistance, or for only brief periods of time. *Id.* (citing *Anderson v. Heckler*, 726 F.2d 455, 456 (8th Cir.1984)).

Petitioner's argument focuses solely upon her earnings levels, arguing they fell below the presumptive earnings limits. However, her contentions, even if true, are without merit. Work may be substantial even if performed on a part-time basis. *Byington v. Chater*, 76 F.3d 246, 250 (9th Cir. 1996). Work is considered gainful activity "if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § § 404.1572(b), 416.972(b). Petitioner did not present evidence that her housekeeping positions did not include activities normally done for profit. The record belies any such assertion, as Petitioner earned wages for her work at Good Samaritan.

Accordingly, the activities are gainful, because some profit was realized.

Second, there was no evidence in the record that Petitioner performed the housekeeping jobs with special conditions, or that her mental limitations precluded or interrupted her cleaning activities. *See Burkhalter v. Schweiker*, 711 F.2d 841, 845 (8th Cir. 1983) (*cited in Keyes*, 894 F.2d at 1056). Rather, the evidence before the ALJ indicated Petitioner worked at Good Samaritan for a sufficient period of time, and Petitioner failed to present evidence otherwise. Thus, there was substantial evidence in support of the ALJ's findings, and therefore no error, with regard to the ALJ's finding that Petitioner's housekeeping job constituted past relevant work.

**2.     Physician Opinions**

Petitioner argues she could not perform her past relevant work based upon the opinion of her treating physician, Dr. Millward, who completed a mental residual capacity assessment noting extreme functional limitations in several work related areas. Petitioner contends Dr. Millward's opinions should have been entitled to controlling weight, and if they had been, Petitioner's RFC and the compatible hypothetical would have resulted in a finding that she was unable to perform her past relevant work.

The United States Court of Appeals for the Ninth Circuit distinguishes among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chatter*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight is accorded

to the opinion of a treating source than to a nontreating physician. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir.1987). If the treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir.1991). If the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject the treating physician's opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983). In turn, an examining physician's opinion is entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir. 1984).

An ALJ is not required to accept an opinion of a treating physician if it is conclusory and not supported by clinical findings. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a physician's opinion of a petitioner's physical condition or on the ultimate issue of disability. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). If the record as a whole does not support the physician's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*; *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d

595 (9th Cir. 1999). Alternatively, an ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been property discounted as not credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Here, the ALJ gave little weight to Dr. Millward's mental capacity assessment on the grounds that he provided no rationale other than his diagnoses of anxiety, depression, and PTSD for his "checklist-style form" opinions indicating Petitioner had marked to extreme limitations in functioning. (AR 25.) The ALJ noted a diagnosis alone is not sufficient to assess the intensity and persistence of a claimant's symptoms, citing 20 C.F.R. §§ 404.1529(c) and 416.929(c).[5] The ALJ noted also that Dr. Millward's assessment was inconsistent with his own treatment notes, which showed Petitioner's mood stabilized and her nightmares and hallucinations stopped once Petitioner took her medications as prescribed. (AR 25.) Accordingly, the ALJ relied more upon the information contained within the treatment notes than upon the opinions expressed in the checklist-style form.

The ALJ included an extensive discussion of the medical evidence of record, which he discussed in great detail prior to analyzing Dr. Millward's opinions. The ALJ began by noting that the medical record evidence did not support Petitioner's allegations of severe functional limitations (which is what Dr. Millward opined in his checklist-style form) for several reasons. (AR 24-25.) First, the ALJ noted that, despite an onset date of

---

[5] Both of these regulations discuss how the ALJ is to evaluate the intensity and persistence of a claimant's symptoms, and determine the extent to which those symptoms limit the claimant's capacity for work.

December 30, 2012, the record showed no treatment for mental impairments until June 3, 2013, at which time Petitioner began taking medication for her depression and anxiety. Dr. Millward prescribed Celexa in August of 2013, and just one month later, Petitioner reported the medication was working well and she felt stable. Her sleep also improved after Dr. Millward added Seroquel to her medications. (AR 25.) The ALJ noted that later treatment records, wherein Petitioner reported feeling "pretty well," and Dr. Millward described her as "cheerful," belied Petitioner's assertions that she had severe functional limitations caused by her mental impairments.

Next, the ALJ discussed Petitioner's several moves between Idaho and Iowa between 2013 and 2014. (AR 24.) The ALJ interpreted this evidence as suggesting functional capacities one would not expect in someone who is worried and fearful all of the time. The ALJ noted also that treatment notes from care providers treating Petitioner in Iowa noted that Petitioner's primary concern was her disability application, "demonstrating that she retained the capacity to rationally consider and anticipate the potential effects on her disability application." *Id.*

And finally, the ALJ noted that, upon Petitioner's move back to Idaho in April of 2014, treatment notes reflected she was "happy to be back." Petitioner reported that, once leaving an allegedly abusive situation in Iowa, she was doing better on medication, living with her boyfriend in a rental house, and doing odd jobs for the house owner "where they live like family." (AR 24, 438.) The ALJ interpreted this evidence as suggesting Petitioner showed no impairment when interpersonal conflicts were not present. (AR 24.)

**MEMORANDUM DECISION AND ORDER - 16**

All of the above constitute specific, legitimate reasons based upon substantial evidence in the record as a whole to give Dr. Millward's opinion on the ultimate issue of disability little weight. As for Petitioner's criticism that, by so doing, the ALJ formulated Petitioner's mental RFC "out of thin air, relying on his own lay opinion," the regulations specifically provide that the ALJ is not bound by an expert medical opinion on the ultimate issue of disability. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Provided the ALJ sets forth specific and legitimate reasons for rejecting the opinion of a treating physician by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings, the ALJ is entitled to formulate an opinion regarding Petitioner's RFC. *See Tommasetti*, 533 F.3d at 1041.

Here, as reflected in the ALJ's written determination, the ALJ discussed Petitioner's medical history in detail, and found Dr. Millward's questionnaire responses inconsistent with the other medical records and Petitioner's own self reports of her daily activities. The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence. *Tommasetti*, 533 F.3d at 1041. "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Although some evidence may exist in the record to support Petitioner's interpretation of the evidence, when evidence is susceptible to more than one interpretation, the ALJ's conclusion must be upheld. *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

**MEMORANDUM DECISION AND ORDER - 17**

The Court finds the ALJ's determination giving Dr. Millward's opinion on the ultimate issue of disability little weight is not the product of legal error and is supported by substantial evidence in the record. Accordingly, the Court finds the ALJ was justified in rejecting Dr. Millward's opinions regarding Petitioner's mental residual functional capacity.

Petitioner's other assignment of error is directed at the ALJ's rejection of the state agency reviewing physicians' opinions. The state agency physicians provided the opinion Petitioner had only mild limitations in each domain of daily functioning, and therefore no work related limitations. The ALJ gave their opinions "partial weight," on the grounds that these state agency physicians did not have the opportunity to review medical records later submitted, and therefore did not have the entirety of the medical record to review. (AR 25.)

Petitioner contends the ALJ should have given the opinions no weight. However, by rejecting the state agency physicians' opinions as to Petitioner's work related limitations, the ALJ actually gave Petitioner the benefit of the doubt and assigned her more limitations than the state agency physicians did. Put another way, the ALJ actually considered the medical evidence as supporting some work related limitations, contrary to the opinions of the state agency reviewing physicians. The ALJ essentially rejected the state agency physician opinions because the opinions were inadequately supported by the entirety of the medical evidence of record. The ALJ gave a specific and legitimate reason for his assignment of partial weight to the state agency physicians' opinions, and there

**MEMORANDUM DECISION AND ORDER - 18**

was no error.

## **ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED** and that the petition for review is **DISMISSED**.

DATED: March 8, 2018

Honorable Candy W. Dale
United States Magistrate Judge